UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA K. CLIFFORD, individually with right of survivorship and in her capacity as the personal representative of THE ESTATE OF ROBERT (BOBBY) S. CLIFFORD,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY SHERIFF DAVID CLARK, individually and in his official capacity as a police officer,<br><br>Defendant. | No. 2:11-cv-02591-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

By way of this action, Plaintiff Linda K. Clifford ("Plaintiff") seeks to recover damages under 42 U.S.C. § 1983 against Defendant Deputy Sheriff David Clark ("Defendant") for injuries sustained due to the shooting death of Robert Clifford ("Clifford") by Defendant. Currently before the Court is Defendant's Motion for Reconsideration (ECF No. 60) of the Court's August 28, 2014 Order, which denied Defendant's Motion for Summary Judgment (ECF No. 55). For the reasons set forth below, Defendant's Motion for Reconsideration is DENIED.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**

On August 1, 2011, at approximately 10:30 p.m., Defendant was on duty conducting a routine patrol at Sierra College and Douglas Boulevard in Granite Bay, California.  Clark Decl., ECF No. 21-4, at ¶ 2.  While visiting a convenience store, Defendant observed a vehicle in the middle of the parking lot that was playing loud music.  Clark Decl. ¶ 4.  Defendant approached the vehicle and found Clifford seated inside.  Id. at ¶ 6.  The officer shined his spotlight on Clifford's vehicle, which caused Clifford to turn down the music volume, open his driver's side door, and step out with his left foot, after which Defendant ordered Clifford to get back in the vehicle.  Id. at ¶ 7; Clark Dep. Ex. A, ECF No. 40-1, at 68:2-9.  According to Defendant, Clifford "seemed impaired," and he testified at his deposition that:

> [Clifford] just was swaying a little bit.  Looked a little disheveled as I got closer to him.  He seemed really slow with his movements and his responses as far as trying to position himself back into the car, almost like he wasn't able to do it without help, or he didn't have the weight or the momentum to get himself out of the car.

Id. at 68:25-69:6.  Clifford did not respond to Defendant's verbal commands, and Defendant estimates it took him thirty seconds or more to get back in the car.  Id. at 71:5-17.

Once Clifford was back in the car, Defendant asked why he was playing his music so loudly, but Clifford gave only "some type of unintelligible response."  Id. at 75:8-11, 76:3-10.  Defendant then asked Clifford for identification, and in response Clifford reached forward to open the glove compartment.  Clark Decl. ¶ 9.  It was at this point that Defendant noticed that there was a gun on the passenger seat of the vehicle, an arm's length away from Clifford.  Id.  Defendant drew his gun, ordered Clifford to keep his hands on the steering wheel, radioed for backup, and informed dispatch that he had a person at gunpoint.  Id. at ¶ 9-10.

///

Clifford thereafter slowly moved his hands back in the "general direction of the steering wheel" and "briefly" placed his hands on the wheel. Clark Dep. 84:1-4, 85:24-86:1. Clifford proceeded to keep taking his hands off the steering wheel, looking toward the gun, and "moving, swaying in the seat." Id. at 86:22-24. Defendant continued to tell Clifford not to reach for the gun and that he would be shot if he did. Id. at 87:1-3. Clifford nonetheless kept taking his hands on and off the wheel and began to ask Defendant who he was. Id. at 87:5-6. In response, Defendant verbally identified himself as a Placer County Sheriff's Deputy. Id. at 87:8-9. Although he believed Clifford knew he was a sheriff's deputy, he gave him the "benefit of the doubt" and shined his flashlight on his badge. Id. at 94:6. Defendant reported that at some point during this exchange, Clifford's "demeanor changed" and he became hostile, started to yell, and was "more aggressive in his movements." Id. at 96:14-18.

Defendant testified that he was shining his flashlight in Clifford's eyes to impair Clifford's vision, which caused Clifford to try to lift himself above the door frame to get the flashlight out of his eyes. Id. at 100:7-10. According to Defendant, Clifford was "looking and . . . moving forward" and suddenly made "controlled–full arm's reach for the gun," whereupon Defendant fired one series of four shots in rapid succession, shooting Clifford and killing him. Id. at 100:11-12; 102:1-9. A toxicology report later indicated that Clifford had a blood alcohol level of 0.223 and 8.0 ng/mL of methamphetamine. Mot. for Summ. J. Ex. F, ECF No. 21-6, at 64, 70, 77.

On February 14, 2014, Defendant filed a Motion for Summary Judgment (ECF No. 21), which the Court denied because a reasonable jury could find that Clifford was not capable of making a controlled reach for his gun based on Defendant's testimony as to Clifford's impaired and confused state at the time. Order, ECF No. 55, at 20. In addition, the Court found that Defendant's potentially conflicting testimony as to Clifford's demeanor prior to the shooting could give rise to a jury question regarding Defendant's credibility. Id. at 21. Defendant now moves for reconsideration.

///

**STANDARD**

It is a well-established maxim within our jurisprudence that a court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). Reconsideration may be appropriate in one of three situations: (1) newly discovered evidence is presented; (2) the court has committed clear error or issued an initial decision that was manifestly unjust; or (3) intervening change in controlling law is presented. Turner v. Burlington N. Santa Fe R.R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003).

A motion for reconsideration should not be used to raise arguments or present evidence that could have reasonably been raised or presented earlier. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (citing Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)). In order to succeed, a party making a motion for reconsideration must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Pritchen v. McEwen, No. 1:10-cv-02008-JLT HC, 2011 WL 2115647, at *1 (E.D. Cal. May 27, 2011) (citing Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656 (E.D. Cal. 1986) aff'd in part, rev'd in part, 828 F.2d 514 (9th Cir. 1987)).

Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief. Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981); see Sheets v. Terhune, No. 1:08-cv-1056-SRB, 2010 WL 1287078, at *1 (E.D. Cal. Mar. 30, 2010) (holding that "[s]uch motions should not be used for the purpose of asking a court 'to rethink what the court had already thought through—rightly or wrongly'"). Motions for reconsideration are therefore not intended to "give an unhappy litigant one additional chance to sway the judge." Kilgore v. Colvin, No. 2:12-cv-1792-CKD, 2013 WL 5425313, at *1 (E.D. Cal. Sept. 27, 2013) (quoting Frito-Lay of P.R., Inc. v. Canas, 92 F.R.D. 384, 390 (D.P.R. 1981)).

Additionally, Local Rule 230(j) similarly requires a party seeking reconsideration to demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

## ANALYSIS

Defendant argues that he is entitled to reconsideration of the Court's Order (ECF No. 55) because "the Court's ruling was clearly erroneous, manifestly unjust, and because it did not consider material facts that were presented to it before its decision." Mot. for Reconsideration, ECF No. 60-1, at 5:21-26.  In addition, Defendant contends that the ruling was not "based on reasonable inferences from the factual record," id. at 1:17-18, that any lingering issues are not material, and that Defendant is entitled to qualified immunity.  The Court disagrees.

First, Defendant argues that the Court's finding was clearly erroneous because it was inconsistent with Ninth Circuit case law.  The doctrine of clear error "generally allows for reversal only where the reviewing court is left with a 'definite and firm conviction' that an error has been committed." Tuan Van Tran v. Lindsey, 212 F.3d 1143, 1153 (9th Cir. 2000); see Baptiste v. Lids, No. C-12-5209-PJH, 2014 WL 1677597, at *4 (N.D. Cal. Apr. 28, 2014) (holding that the court did not commit clear error because it was not established that the court applied outdated or superseded legal standards). The cases cited by Defendant to show inconsistency with binding precedent, Blanford v. Sacramento County, 406 F.3d 1110 (9th Cir. 2005) and Billington v. Smith, 292 F.3d 1177 (9th Cir. 2002), are clearly distinguishable.   In those cases, shooting victims who were impaired by drugs or alcohol were still found to pose a threat to the officer.  But unlike in those cases, here the credibility of the shooter, the sole surviving witness, is contested due to Defendant's potentially incredible description of the events leading up

to the shooting. This credibility determination cannot be made on a motion for summary judgment. See Anderson, 477 U.S. at 255.

Second, Defendant argues that the Court failed to consider material facts contained in two declarations from expert witnesses. Those expert witnesses determined that Clifford was attempting to commit suicide-by-cop and that he was likely facing toward the gun and moving when shot. Defendant argues that this evidence corroborates his version of events, thus defeating any possible credibility issues. In support of the allegation that reconsideration is an available remedy when a Court does not consider "material facts presented to it before its decision," Defendant references a single case from an Oregon district court, Lyons v. Nike, Inc., 920 F. Supp. 2d 1161, 1163 (D. Or. 2013), that cites only to the local rules from the Central District of California. Despite the fact that Defendant fails to identify any controlling case law, the Court will nonetheless consider the two declarations in turn.

In a supplemental brief in reply to Defendant's Motion for Summary Judgment, Plaintiff submitted a declaration from Thomas Streed, an expert in police procedures. Streed opined that "if Deputy Clark's description is accurate" the evidence suggested that Clifford's actions were consistent with a suicide-by-cop theory. Streed Decl., ECF No. 48-1, at 16-17, 22-24. The Court did not consider this expert opinion when deciding the motion for summary judgment because it correctly determined that the expert testimony did not affect the outcome of the motion. Order at 10:20-23. Plaintiff's expert explicitly qualified his statement regarding the suicide-by-cop theory as dependent on the accuracy of Defendant's description of the events. Streed Decl. at 16. Because the Court's decision to deny Defendant summary judgment was based on the potential inaccuracy of Defendant's testimony, the expert testimony was rendered irrelevant.

Defendant later submitted a declaration from Robert Snook, an expert in shooting reconstruction, who determined that Clifford "was generally facing forward in the seat while likely also turned to his right" (i.e., toward the gun) when he was shot. Snook Decl., ECF No. 46, at 12. Snook also noted that Clifford's wound path trajectories are

consistent with some movement by Clifford. Id. at 7, 10. However, this declaration was not submitted in support of the Motion for Summary Judgment, but as a designation and disclosure of an expert witness for trial. Thus, Snook's expert testimony was not properly before the Court when the Court ruled on the Motion for Summary Judgment. Moreover, had the Court considered that testimony, it would not have necessarily changed its decision. The issue is whether Clifford could make a controlled reach for the gun, not whether he could turn to his right or move. Those facts were never in dispute. Thus, any facts not considered by the Court in its earlier ruling were immaterial.

Third, Defendant argues that this Court came to an "unreasonable inference" when it determined that Clifford was too impaired and confused to make a controlled reach for the gun in the passenger seat. See Richards v. Neilson Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Additionally, Defendant argues that Clifford's capabilities prior to the shooting cannot be determined by the Court without the benefit of expert testimony on the effects of drugs and alcohol.

The Court does not find the inference to be unreasonable or speculative, nor one that requires expert testimony. The Court made its inference not just from Clifford's blood alcohol level of .223 or the methamphetamine in his system, but also from Defendant's own statements that Clifford was "significantly impaired, moving slowly, and confused about what was going on." Order at 21:9-15. Defendant's argument also fails to appreciate that the Court's previous ruling was based primarily on whether the Defendant, the sole survivor to this shooting incident, was credible. The Court did not conclude that Clifford was too impaired to make a controlled reach; the Court decided that a reasonable jury could conclude that Defendant was not credible based on Defendant's own testimony. To succeed on his Motion for Reconsideration, Defendant must allege more than the belief that the Court was previously "wrong," he must show that the decision was unjust or made in clear error. Twentieth Century-Fox Film Corp, 637 F.2d at 1341. Since the Defendant has not cited to any case law which shows that the Court's previous decision was made in clear error or was manifestly unjust, he has

failed to meet his burden for reconsideration of this issue.

Fourth, according to Defendant, there is no genuine dispute over material issues of fact in this case because Clifford's capability of making a controlled reach for the gun is not material. The central issue in any excessive force case is "whether it was objectively reasonable under the circumstances for the officer to believe that the individual posed an immediate threat to their safety, warranting the immediate use of deadly force, rather than less severe alternatives." See Hayes v. Cnty. of San Diego, 736 F.3d 1223, 1233 (9th Cir. 2013) (holding that the mere fact that a suspect possesses a weapon does not justify deadly force). Defendant's inconsistent description of the events leading up to the shooting is material to determining Defendant's credibility and the reasonableness of the force used against Clifford. If the jury finds that Defendant is not credible, it could find that Clifford was not reaching for the gun. The jury could then find that the use of force was not objectively reasonable under the circumstances. Thus, it was not clear error for the Court to hold that there are remaining material issues of fact that must be resolved by a jury.

Finally, Defendant asserts that he is entitled to the second prong of qualified immunity, namely, that the use of force was appropriate because the suspect "posed an immediate threat to the safety of the officer or others." Defendant's reliance on the defense of qualified immunity is unavailing. At summary judgment, resolution of the qualified immunity defense turns on whether the undisputed facts and the inferences to be drawn therefrom, viewed in the light most favorable to the non-moving party, show a violation of clearly established federal constitutional rights. See Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014). Again, the immediacy of the threat encountered by the Defendant turns on his credibility as to the facts of the encounter. Defendant fails to establish that this Court's previous ruling was clearly erroneous, and thus his instant argument fails as well.

///

///

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Reconsideration (ECF No. 60) is DENIED.

IT IS SO ORDERED.

Dated: May 8, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT