UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ROBERT (BOBBY) S. CLIFFORD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PLACER COUNTY, et al., <br><br> Defendants. | No. 2:11-cv-02591-MCE-CKD <br><br> **MEMORANDUM AND ORDER** |

The sole remaining Plaintiff in this action, Linda K. Clifford, seeks to recover for injuries sustained when Decedent Robert Clifford was fatally shot by Defendant Deputy David Clark. Presently before the Court is Plaintiff's Motion to Amend the Pretrial Order (ECF No. 92) by which Plaintiff seeks leave to substitute a new retained expert for an expert previously designated. For the following reasons, that Motion is GRANTED in part.[1]

///
///
///

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this Motion submitted on the briefing in accordance with Local Rule 230(g).

**BACKGROUND**

On May 19, 2014, Plaintiff designated her current expert, Ronald Scott, a retired police officer, to testify as to firearms, ballistics, shooting reconstruction, shooting incident dynamics, and related factors.[2] The Court thereafter granted in part and denied in part Defendants' Motion for Summary Judgment and denied Plaintiff's Motion for Reconsideration. In March 2016, however, after Defendant subsequently noticed an interlocutory appeal, Mr. Scott purportedly advised Plaintiff he was no longer willing to testify. According to Plaintiff's counsel:

> On or around March 21, 2016 (I am not certain as to the exact date), I spoke with Ronald Scott by telephone. Mr. Scott informed me that he no longer wished to serve as an expert in this matter and was therefore terminating his services as our expert witness. He represented that he was having differences with my clients due to some acrimony in past conversations between them, which precluded him from continuing to serve as our expert witness in this case. The conversation was civil, but Mr. Scott reiterated several times that he would not be continuing as an expert, and that is how the conversation ended.

Decl. of Gregory S. Walton, ECF No. 76-1, ¶ 5. Counsel further avers that he "did not foresee this development." Id. ¶ 6.

Plaintiff thereafter retained a new expert, Dr. Marc A. Firestone, a physicist, had Dr. Firestone produce his own report, and, in April 2016, filed a Motion to Amend the Pretrial Scheduling Order seeking permission to substitute her experts. On June 13, 2016, the Court instead stayed the case pending resolution of Plaintiff's appeal and denied Plaintiff's Motion to Amend without prejudice to renewal once the stay was lifted.

Plaintiff's appeal was dismissed on June 27, 2017, and the following month she renewed her Motion to Amend, which is now pending before the Court.

///
///

---

[2] Plaintiff also designated Thomas Streed, Ph.D., as an expert as to whether Deputy Clark followed proper police procedures in the course of his confrontation and killing of Decedent and whether any deviation from police procedures was significant.

**ANALYSIS**

Whether substitution of an expert should be permitted is properly analyzed under Federal Rule of Civil Procedure 16(b), which permits the amendment of a pretrial scheduling order only on a showing of good cause. See Fujifilm Corporation v. Motorola Mobility LLC, 2014 WL 8094582, at *1 (N.D. Cal. 2014). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). More specifically:

> [a] district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modifications. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

Based on the statements of Plaintiff's counsel, she diligently sought to retain a replacement expert as soon as Mr. Scott notified her he was no longer willing to testify. Although counsel indicates he knew there were some prior acrimonious exchanges between Mr. Scott and his client, it does not appear that counsel could have foreseen Mr. Scott's eventual withdrawal. Plaintiff has thus demonstrated the requisite diligence.

That said, the Court is not particularly moved by the reasons underlying Plaintiff's request. In typical instances where a Plaintiff seeks to substitute another expert it is due to circumstances outside of the expert's and parties' control. See, e.g., Fujifilm, 2014 8094582 at *1 (substitution sought after issues going to the expert's credibility arose in an unrelated action); Lincoln Nat. Life Ins. Co. v. Transamerica Financial Life Ins. Co., 2010 WL 3892860 (N.D. Ind.) (substitution proper when original expert was convicted of embezzlement and would be incarcerated in federal prison at the time of trial). In this case, to the contrary, the expert unilaterally chose to terminate his relationship with Plaintiff with no apparent objective justification. This does not change the Court's

conclusion that substitution should be permitted, but it does inform the relief the Court fashions below, which is intended to prevent Defendant from suffering the prejudice that would result from allowing Plaintiff an unfettered second bite at the apple.

First, Dr. Firestone shall be limited to testifying to "his opinions and theories and the bases for those opinions and theories" as expressed in Mr. Scott's original report. See Park v. CAS Enterprises, Inc., 2009 WL 4057888 (S.D. Cal.) (limiting new expert's testimony to opinions and theories included in original expert's report was proper when expert unilaterally chose to withdraw); see also Fujifilm, 2014 WL 8094582, at *2 (limiting a newly appointed expert to testifying consistently with the original report and requiring that the opinions be substantially similar even when substitution was based on expert's credibility issues as opposed to withdrawal). The Court's scheduling order specifically directed that experts be simultaneously designated, such that no expert would have the benefit of the other side's report during drafting of his or her own opinions. It follows that permitting Plaintiff to submit a new report now would do more than adjust dates; it would undermine the Court's intent in imposing such a requirement. Moreover, if the Court were to grant Plaintiff's request without the forgoing limitation, it would also be required to reopen discovery to permit the further designation of rebuttal experts. This case has been pending for far too long to risk taking such a large step backwards.

Second, as Plaintiff concedes is proper, Defendant will be permitted to depose Dr. Firestone prior to this case being set for trial. Defendant, however, also seeks permission to depose and call at trial Mr. Scott. Having provided no justification for such a request, and absent any compelling explanation as to why access to Mr. Scott is necessary to avoid prejudice, that request is denied.

///

///

///

///

///

4

## CONCLUSION

Plaintiff's Motion to Amend Pretrial Order to Substitute Expert Witness (ECF No. 92) is GRANTED in part and DENIED in part consistent with the foregoing. It is further ordered that:

1. Not later than thirty (30) days following the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to, officially designate Dr. Firestone as her substituted expert pursuant to the applicable rules and this Court's orders.
2. Thirty (30) days following the date Dr. Firestone is designated (if he is), Defendant may, but is not required to, depose him.
3. If Plaintiff designates Dr. Firestone as her expert, the parties are directed to file a Joint Notice of Trial Readiness within thirty (30) days following either the expiration of the thirty (30) day period in which Defendant is permitted to take Dr. Firestone's deposition or the actual date of his deposition, whichever is earlier.
4. If Plaintiff declines to designate Dr. Firestone as an expert, the parties shall file their Joint Notice of Trial Readiness not later than sixty (60) days following the date this Memorandum and Order is electronically filed.

The parties are to set forth in their Notice of Trial Readiness the appropriateness of special procedures, whether this case is related to any other case(s) on file in the Eastern District of California, the prospect for settlement, their estimated trial length, any request for a jury, and their availability for trial. The parties' Notice of Trial Readiness Statement shall also estimate how many court days each party will require to present its case, including opening statements and closing arguments. The parties' estimates shall include the time necessary for jury selection as well as the time necessary to finalize jury instructions and instruct the jury.

///

This Court is in session for jury selection, opening statements, presentation of evidence, closing arguments, and instruction of the jury Monday through Wednesday, only. Jury deliberations only are Monday through Friday if necessary. After review of the parties' Joint Notice of Trial Readiness, the Court will issue an order that sets forth dates for a final pretrial conference and trial. The parties should be prepared to submit discovery documents and trial exhibits electronically in PDF format.

IT IS SO ORDERED.

Dated: February 6, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE